UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM NELSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-701-SDD-SDJ** |
| **ROBERT DUPREE, ET AL.** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**WILLIAM NELSON, ET AL.**

**VERSUS**

**ROBERT DUPREE, ET AL.**

**CIVIL ACTION**

**NO. 24-701-SDD-SDJ**

## MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is a Notice of Removal filed by Plaintiffs on August 23, 2024.[1] (R. Doc. 1). For the reasons discussed below, the undersigned **recommends** that this action be **remanded**, *sua sponte*, to the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana.

### I. Background

Plaintiffs William Nelson and Caira Porterie currently have two cases pending in this Court: this case (24-701-SDD-SDJ) and 24-709-JWD-SDJ. Both cases involve the same parties and effectively the same causes of action; the difference between the two is that 24-701 was initiated in state court and removed to this Court, while 24-709 was initiated directly with this Court.[2]

This case (24-701) originated in the 19th Judicial District Court, Parish of East Baton Rouge, case number C-748723, Section 24. (R. Doc. 10-4 at 4-6). The state court case was an eviction proceeding initiated by the City of Baton Rouge and Parish of East Baton Rouge on behalf

---

[1] Removal actions are filed by defendants, and indeed the parties styled as "plaintiff" in this case are actually the defendants in the state court proceeding. It is unclear why the parties were switched at this Court, but it is irrelevant to this order.

[2] Procedurally, the causes of action are different. This case, 24-701, is a removal of a state court eviction proceeding against Nelson, whereas in 24-709 Nelson asserts numerous claims against his evictors. But Nelson asserts the same or similar claims in both cases, involving the same set of facts regarding the property at 8180 Plank Rd. and Nelson's eviction.

of the Greater Baton Rouge Airport District (BTR Airport), against William Nelson. *Id.* According to the Rule to Evict, the Airport purchased the property at 8180 Plank Road on December 11, 2023. *Id.* at 5. Nelson was a tenant renting space in the building prior to the purchase, but there is no continued lease agreement between Nelson and the new owner. *Id.* On January 19, 2024, the Airport issued a notice to vacate, and Nelson failed to comply. *Id.* A notice of eviction was posted at the premises and mailed to Nelson on May 3, 2024. *Id.* at 6. Nelson continued to occupy the premises, so on May 24, 2024, the Airport petitioned the Louisiana Court for an order ruling that Nelson be evicted from the premises. *Id.*

A hearing was held on June 18, 2024, and Judge Donald Johnson of the 19th JDC issued a Judgement of Eviction ordering Nelson to vacate the premises at 8180 Plank Road within 24 hours of the judgment. (R. Doc. 10-4 at 7). Nelson subsequently petitioned the court to reconsider the eviction order and to stay eviction (R. Doc. 10-7) and to move the case to federal court (*see* R. Doc. 10-13 at 3). Another hearing was held on August 26, 2024, to address Nelson's outstanding motions, resulting in a judgment issued on September 5, 2024, finding that the state court had proper jurisdiction over the matter, ordering that the EBR Sheriff's Department carry out the eviction, and decreeing that all further motions were moot. (R. Doc. 10-21). At that hearing, Nelson informed the court and opposing party that he had filed a Notice of Removal with this Court, but the hearing continued. (R. Doc. 10-4 at 3).

## II.   Law and Analysis

The federal courts generally have jurisdiction to hear cases removed from state court in two circumstances: (1) diversity of citizenship between the parties, and (2) federal law claims. 28 U.S.C. §1441. Here, the parties are all citizens of Louisiana, so there is no diversity of citizenship. When a case is removed on the basis of federal claims, the court looks to the state court petition to

determine if there are, in fact, federal laws in question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the state court petition includes allegations regarding federal law, the case can be removed on the basis of the federal question. *Id.* A defendant's response is not part of the state court petition, and so a case cannot be removed solely because a defendant raises federal questions in his answer to the petition. "[A] case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint". *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983).

In this case, the state court petition is the Airport's initial petition for eviction. (R. Doc. 10-4 at 4-6). The petition asserts that the Airport is the rightful owner of the property at 8180 Plank Road; that Nelson occupies part of that property; that there is no lease agreement between the Airport and Nelson; that a notice to vacate and notice of eviction were sent to Nelson and posted at the property; and that Nelson failed to remove himself and his possessions from the property. (R. Doc. 10-4). It requests that Nelson be removed from the premises on these grounds. *Id.* The Airport's petition does not cite any federal law. While Nelson raises issues of federal law in his responses, as stated above, a case cannot be removed on the basis of federal defenses. Removal is only based on the petition itself.

Because the state court petition does not raise a federal question, this Court does not have jurisdiction to hear this case on removal.[3] Finally, the Court notes that it seems Mr. Nelson's purpose for removing this case to federal court was to appeal the eviction decision. This Court is not the appropriate venue for appeal of a state court decision, and the removal statute (§1441) is not an appeals process.

---

[3] There are other deficiencies with this removal, including lack of proper notice to the state court and opposing parties, timeliness of removal, and the addition of additional parties, but the Court need not address those here.

## III.    Conclusion

Because this Court lacks jurisdiction to hear this case, the undersigned **RECOMMENDS** that this case be **REMANDED,** *sua sponte*, to the 19th Judicial District Court for East Baton Rouge Parish for further proceeding as appropriate.

The Court notes for the parties that this decision has no bearing on the related case, 24-709-JWD-SDJ.

Signed in Baton Rouge, Louisiana, on November 4, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**