# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

WILLIAM NELSON, ET AL.

versus                                                       CIVIL ACTION NO. 24-701-SDD-SDJ

ROBERT DUPREE, ET AL.

## RULING

This matter is before the Court on the following motions filed by Plaintiffs William Nelson and Caira Porterie ("Plaintiffs"):

- Motion for Reconsideration and Nullification of Chief Judge December 11, 2024, Remand Order, Motion Requesting that the Magistrate and Chief Judge Rule on all Motions and Injunction Requests Etc. That Have not Been Ruled on for Appeals Reasons, Motion Requesting that Tenants August 26, 2024, Injunction Request be Set Forth for Immediate Oral Hearing;[1]
- Plaintiffs' Motion for Reconsideration Emergency Request for Stay of Docket Number 3-24-cv-701 and Docket Number 3:24-cv-709 Proceedings, Motion to Nullify Quash Vacate and Dismiss Magistrate Scott Bad Faith Recommendation for Lack of Jurisdiction Procedures, Request for Emergency Injunction;[2]
- Plaintiffs' Motion to Recuse Chief Judge Shelly Dick, Magistrate Judge Scott Johnson, Magistrate (sic) Judge John W. DeGravelles, Magistrate Judge Erin Winder-Doomes and All Remaining Magistrate and District Judges Within the United States of America Federal Middle District and in the City of Baton Rouge;[3] and
- Plaintiffs' Act of Correction for Reconsideration Judicial Notice for Federal Middle District Chief Judge Dick and All State and Federal District And Appeals Court Judges.[4]

For the following reasons the motions are DENIED.

---

[1] Rec. Doc. 24.
[2] Rec. Doc. 25.
[3] Rec. Doc. 26.
[4] Rec. Doc. 27.

I.  **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs, appearing *pro se*, currently have two cases pending in the Middle District of Louisiana: the case before the undersigned (24-701-SDD-SDJ) and a case before Judge John W. deGravelles (24-709-JWD-SDJ). Both cases involve the same parties and effectively the same causes of action; the only apparent difference between the two is that 24-701 was initiated in state court and removed to this Court, while 24-709 was initiated in this Court.[5]

This case (24-701) originated in the 19th Judicial District Court, Parish of East Baton Rouge, case number C-748723, Section 24.[6] The state court case was an eviction proceeding initiated by the City of Baton Rouge and Parish of East Baton Rouge on behalf of the Greater Baton Rouge Airport District (BTR Airport), against William Nelson.[7] According to the Rule to Evict, the Airport purchased the property at 8180 Plank Road on December 11, 2023.[8] Nelson was a tenant renting space in the building prior to the purchase, but there is no continued lease agreement between Nelson and the new owner.[9] On January 19, 2024, the Airport issued a notice to vacate, and Nelson failed to comply.[10] A notice of eviction was posted at the premises and mailed to Nelson on May 3, 2024.[11] Nelson continued to occupy the premises, so on May 24, 2024, the Airport petitioned the state court for an order ruling that Nelson be evicted from the premises.[12]

---

[5] Procedurally, the causes of action are different. This case, 24-701, is a removal of a state court eviction proceeding against Nelson, whereas in 24-709 Nelson asserts numerous claims against his evictors. But Nelson asserts the same or similar claims in both cases, involving the same set of facts regarding the property at 8180 Plank Rd. and Nelson's eviction.
[6] Rec. Doc. 10-4, pp. 4-6.
[7] *Id.*
[8] *Id.* at 5.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 6.
[12] *Id.*

A hearing was held on June 18, 2024, and Judge Donald Johnson of the 19th JDC issued a Judgment of Eviction ordering Nelson to vacate the premises at 8180 Plank Road within 24 hours of the judgment.[13] Nelson subsequently petitioned the court to reconsider the eviction order and to stay eviction and to move the case to federal court.[14] Another hearing was held on August 26, 2024, to address Nelson's outstanding motions, resulting in a judgment issued on September 5, 2024, finding that the state court had proper jurisdiction over the matter, ordering that the EBR Sheriff's Department carry out the eviction, and decreeing that all further motions were moot.[15] At that hearing, Nelson informed the court and opposing party that he had filed a Notice of Removal with this Court, but the hearing continued.[16]

On December 11, 2024, this Court adopted Magistrate Judge Johnson's Report and Recommendation to remand this case back to the 19th JDC for East Baton Rouge Parish.[17] The undersigned agreed with the Magistrate Judge's Report and Recommendation finding that the Court lacks jurisdiction because the original petition did not raise a federal question, only the Defendant's response did.[18]

Dissatisfied with the adverse rulings in this case, Plaintiffs filed the motions set forth above. In the Motion to Nullify, Plaintiffs argue the undersigned ruled on the motion to remand and ignored their injunction and hearing requests which violated their due process rights.[19] Plaintiffs allege the non-jurisdictional motions were ignored to aid the

---

[13] Rec. Doc. 10-4, p. 7.
[14] Rec. Doc. 10-7. *See* Rec. Doc. 10-13, p. 3.
[15] Rec. Doc. 10-21.
[16] Rec. Doc. 10-4, p. 3.
[17] Rec. Docs. 21, 22, 12.
[18] Rec. Doc. 12, p. 4.
[19] Rec. Doc. No. 24-1, p. 13.

corrupt state court's bias and racism.[20] Plaintiffs assert the same argument in their Motion to Recuse, alleging that the undersigned deliberately ignored the motions "to aid and abet the [state] court['s] racism[,] corruption[,] and fraud."[21] In their 155-page brief, Plaintiffs continuously argue that the adverse ruling is due to systemic racial bias in the judicial system,[22] and they maintain that every single judge in the Middle District of Louisiana is corrupted by this racial bias such that every judge in the Middle District should be recused and their rulings and orders "nullified."[23]

## II. LAW AND ANALYSIS

### A. Preliminary Matters

To the extent Plaintiffs seek relief from this Court regarding the recusal of state court judges and/or federal appellate judges, this relief is denied; this Court lacks the authority to even consider such a motion. Further, this Court lacks the authority to take any actions in Plaintiffs' case currently pending before Judge deGravelles – the undersigned cannot reconsider Judge deGravelles' prior rulings and orders, nor can it control his docket or grant a stay.

### B. Jurisdiction

One of the bases for the Plaintiffs' motions is their challenge to the Court's consideration of jurisdictional issues before setting hearings on the merits of their claims. However, courts are generally required to determine if they have jurisdiction over a case before they may consider its merits. The Fifth Circuit instructs: "It is axiomatic 'that a federal court generally may not rule on the merits of a case without first determining that

---

[20] *Id.*
[21] Rec. Doc. No. 26-1, p. 3.
[22] Rec. Doc. No. 26-3.
[23] *Id.*

it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).'"[24] Jurisdiction "is a threshold matter; without it, this court has no authority to decide other potentially dispositive issues in this case."[25] Both subject matter jurisdiction and personal jurisdiction are required for a court to issue a temporary restraining order or preliminary injunction.[26] Additionally, a district court "must consider and examine the basis of subject matter jurisdiction *sua sponte* if it appears at all questionable and the issue is not raised by the parties."[27] Thus, it was entirely appropriate and indeed mandated by law for this Court to determine whether it has jurisdiction over Plaintiffs' case before investigating or reaching any decisions on the merits.

### C. Recusal Standards

An initial inquiry is whether this Court must or should refer this Motion to another Judge. The challenged judge is not required to transfer a disqualification motion to another judge for decision.[28] "The challenged judge is most familiar with the alleged bias or conflict of interest. [She] is in the best position to protect the nonmoving parties from dilatory tactics."[29] With respect to Plaintiffs' motion to recuse all the judges of the Middle District, while the general practice under Section 455 is for the challenged judge to decide his/her own motion, the chief judge of the district has the authority to consider motions to recuse other judges in that district.[30]

---

[24] *Hines v. Stamos*, 111 F. 4th 551, 564 (5th Cir. 2024)(quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 40-31 (2007)). The exceptions to this general rule are inapplicable here.
[25] *Air Products and Chemicals, Inc. v. General Services Admin.*, 700 F.Supp.3d 487, 495 (N.D. Tex. 2023)(cleaned up).
[26] *Whirlpool Corp. v. Shenzhen Sanlida Electrical Tech. Co. Ltd.*, 80 F. 4th 536(5th Cir. 2023).
[27] *Deaville v. Capital One Bank*, 425 F.Supp.2d 744, 756 (W.D. La. 2006)(citing *J.A.R., Inc. v. M/V Lady Lucille*, 963 F.2d 96, 98–99 (5 Cir.1992) (citing *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir.1985))).
[28] *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir.1982).
[29] *Id.*
[30] *United States v. Craig*, 853 F.Supp. 1413 (S.D. Fla. 1994).

Recusal and disqualification are governed by 28 U.S.C. §§ 144 and 455. Notably, Plaintiffs fail to mention or address these statutes in their extensive briefing on any motion. The claims presented here fall under Sections 455(a) and 455(b)(1), which read:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned.
>
> (b) [S]he shall also disqualify himself in the following circumstances:
>
>> (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;[31]

Section 455(a) provides that any "justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned,"[32] and Section 455 (b)(1) requires recusal when "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[33]

As the Fifth Circuit has made clear: "The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside. 'Justice must satisfy the appearance of justice.' This is the very purpose of 28 U.S.C. § 455(a)."[34] To determine if recusal is proper, there must be an inquiry into the alleged conflict, and the standard for this inquiry is an objective one.[35] When a party seeks the disqualification or recusal of a judge, the burden is on that party to show that "a reasonable person, knowing

---

[31] 28 U.S.C § 455
[32] 28 U.S.C. § 455(a).
[33] 28 U.S.C. § 455(b)(1).
[34] *United States v. Jordan*, 49 F.3d 152, 155-56 (5th Cir. 1995) (quoting *In re Murchison*, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955)).
[35] *See Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)("One of the relevant maxims is that the standard for bias is not 'subjective,' as it once was, but, rather, 'objective.'").

all of the facts, would harbor doubts concerning the judge's impartiality."[36] The Fifth Circuit established that, to succeed, a party must "clear the foregoing hurdles. They must (1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an "objective" observer's standard."[37] As demonstrated below, Plaintiffs cannot clear these hurdles.

Generally, conduct requiring recusal must come from an "extrajudicial source." As the Supreme Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.[38]

Moreover, it is accepted that:

> Under what the United States Supreme Court describes as the "over broadly characterized" extrajudicial-source doctrine, a judge's disqualifying bias or prejudice, under 28 U.S.C.A. §§ 144, 455(b), usually must result in an opinion on the merits on some basis other than what the judge learned from his or her participation in the case. An extrajudicial source means something above and beyond judicial rulings or opinions formed by the judge in presiding over the case. The judge's conduct during the proceedings should not, except in the rarest of circumstances, form the sole basis for recusal.[39]

This includes any facts that have been "learned in a judicial capacity."[40]

---

[36] *Sensley v. Albritton*, 385 F.3d 591 (5th Cir. 2004).
[37] *Andrade*, 338 F.3d at 455.
[38] *Liteky v. United States*, 510 U.S. 540, 555 114 S. Ct. 1147, 1157 127 L. Ed. 2d 474 (1994).
[39] 8 Fed. Proc., L. Ed. § 20:89 (internal footnotes omitted).
[40] *Id.*

Plaintiffs in this case do not plead any elements of Section 455. They do not specify under which sub-section they request recusal. They only assert, without any basis in fact or law, that every judge in this district is racially biased against them and have entered rulings in a purported conspiracy to collude with corrupt state court judges.[41] Under either sub-section, Plaintiffs' motions should be denied.

First, Plaintiffs have presented no evidence of racial or any other form of bias against any judge. They offer nothing beyond their own subjective speculation and conjecture. They have not demonstrated that any alleged bias was of extrajudicial origin; rather they argue that the bias particular to the undersigned is simply adopting the Report and Recommendations and issuing the Order of Remand.[42] Plaintiffs argue that the undersigned "illegally stood on the recommendation of" Magistrate Judge Scott in a "racist" and "corrupt" violation of law.[43] Even if this baseless claim was true, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[44] "Almost invariably, they are proper grounds for appeal, not for recusal."[45]

Second, bias cannot be established under the objective standard. Without more specific facts, a "well-informed, thoughtful and objective observer" cannot reasonably conclude from the record in this case that the Magistrate Judge's Report and Recommendation or the undersigned's remand order was racially biased.[46]

Plaintiffs' motions are also substantively devoid of any discussion of the elements they must satisfy on a Motion for Reconsideration; further, they have failed to demonstrate

---

[41] Rec. Doc. No. 26-3.
[42] *Id.* at 115.
[43] *Id.*
[44] *Liteky,* 510 U.S. at 555.
[45] *Id.*
[46] *Andrade*, 388 F.3d at 454-55 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

any manifestly erroneous legal error in the Court's determination that it lacks jurisdiction in this case, and remand to the state court was proper. The motions filed by Plaintiffs are wholly without merit factually and legally.

The Court acknowledges that "*[p]ro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers."[47] However, a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer,"[48] and as set forth by the district court for the Eastern District of Louisiana: "Courts grant leniency to *pro se* litigants, but this leniency has its limits."[49] Plaintiffs are advised that the proper method to challenge this Court's rulings and orders is to file an appeal with the United States Court of Appeals for the Fifth Circuit, not to file baseless motions to recuse.

### III. CONCLUSION

Accordingly, Plaintiffs' Motion for Reconsideration and Nullification of Chief Judge December 11, 2024, Remand Order, Motion Requesting that the Magistrate and Chief Judge Rule on all Motions and Injunction Requests Etc. That Have not Been Ruled on for Appeals Reasons, Motion Requesting that Tenants August 26, 2024, Injunction Request be Set Forth for Immediate Oral Hearing;[50] Plaintiffs' Motion for Reconsideration Emergency Request for Stay of Docket Number 3-24-cv-701 and Docket Number 3:24-cv-709 Proceedings, Motion to Nullify Quash Vacate and Dismiss Magistrate Scott Bad Faith Recommendation for Lack of Jurisdiction Procedures, Request for Emergency Injunction;[51] Plaintiffs' Motion to Recuse Chief Judge Shelly Dick, Magistrate Judge Scott

---

[47] *Berry v. LoanCity*, 489 F.Supp.3d 441, 446 (M.D. La. 2020)(cleaned up).
[48] *Id.* (cleaned up).
[49] *United States of America v. 1369 Madrid Street, New Orleans, Louisiana 70122*, 2021 WL 5232472, *3 (E.D. La. Nov. 10, 2021).
[50] Rec. Doc. 24.
[51] Rec. Doc. 25.

Johnson, Magistrate Judge John W. DeGravelles, Magistrate Judge Erin Winder-Doomes and All Remaining Magistrate and District Judges Within the United States of America Federal Middle District and in the City of Baton Rouge;[52] and Plaintiffs' Act of Correction for Reconsideration Judicial Notice for Federal Middle District Chief Judge Dick and All State and Federal District And Appeals Court Judges[53] are DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  10th day of April, 2025.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[52] Rec. Doc. 26.
[53] Rec. Doc. 27.